```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**ARKANSAS TROPHY HUNTERS**
**ASSOCIATION, INC.**                                              **PLAINTIFF**

           **v.**          **Civil No. 06-5067**

**TEXAS TROPHY HUNTERS**
**ASSOCIATION, LTD.**                                              **DEFENDANT**

## O R D E R

Now on this 18th day of December, 2006, comes on for consideration plaintiff's **Motion For Change Of Venue** (document #34), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff seeks to change the venue it originally selected in this case, the Fayetteville Division of the United States District Court for the Western District of Arkansas, to the United States District Court for the Eastern District of Arkansas. It contends that the lawyers for both sides, as well as plaintiff's witnesses, are all located in Little Rock, Arkansas, and asserts that "Defendant has no more presence or less in the Western District than it has in the Eastern District."  Plaintiff states that it selected the venue at the time of filing because it sought to enjoin a trade show that was being held in Fayetteville, but that since the injunction was denied, the "reason for venue in Fayetteville is moot."  Plaintiff further states that venue would also have been proper in the Eastern District of Arkansas at the time of filing.

2.   Defendant opposes the change of venue, stating that it has multiple witnesses residing in the Western District of Arkansas. Defendant also contends that there are no changed circumstances that would justify the Court in allowing plaintiff -- who selected the venue

-- to now change its mind and select a different venue.

3.   The relevant statute, **28 U.S.C. §1404(a)**, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Ordinarily, a motion for change of venue is made by a defendant who believes itself inconvenienced by the plaintiff's choice of forum. Where that occurs, courts have held that the defendant has the burden of proving that its alternative forum of choice is more convenient than the forum chosen by the plaintiff, and the court must give deference to the plaintiff's choice of forum.  "Merely shifting the inconvenience from one side to the other is not a permissible reason for change of venue."  **Knapp v. Fooshee**, **2006 WL 2381886 (E.D. Ark. 2006)**.  Here, because it is the plaintiff who seeks an alternative forum, the Court finds it appropriate to place the burden of proof upon the plaintiff.

4.   Plaintiff suggests that a change of venue is appropriate because the attorneys for both parties are located in Little Rock, and significant travel costs are incurred when they must come to Fayetteville for a hearing.  This is not a valid basis for a transfer of venue.  **Nelson v. Soo Line Railroad Company**, 58 F.Supp.2d 1023 **(D.Minn. 1999)**.

5.   With regard to witnesses, "[r]elevant considerations include the number of essential non-party witnesses, their location, and the preference of courts for live testimony as opposed to depositions." *Id.* Plaintiff makes a wholly insufficient showing on this score for the Court to find that such considerations would justify a transfer.

6.    Finally, the Court considers the interest of justice.  This case was filed on April 13, 2006, and trial is scheduled for the week of January 22, 2007.  The Court is already familiar with the issues in the case, having heard evidence in connection with a motion for temporary restraining order.  Transfer would result in a delay in resolution of the issues, and would require a new court to familiarize itself with the issues.

For the foregoing reasons, the Court finds no basis to transfer this case to the Eastern District of Arkansas, and the motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Change Of Venue** (document #34) is **denied.**

**IT IS SO ORDERED.**

                                              /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**